**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

YOLANDA C., [1]

        **Plaintiff,**                      **Case No. 2:24-cv-09617**
                                        **Magistrate Judge Cheryl L. Pollak**

    v.

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

**OPINION AND ORDER**

      This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Yolanda C. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's application for lack of disability.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court affirms the Commissioner's decision.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.
[2] Frank Bisignano, the Commissioner of Social Security, is substituted as Defendant in his official capacity.

1

I.    **PROCEDURAL HISTORY**

On October 2, 2019, Plaintiff filed a Title II application for disability insurance benefits, alleging that she had been disabled since December 15, 2017. R. 29, 223–29. Plaintiff also filed a Title XVI application supplemental security income on September 12, 2019, alleging the same disability onset date as in her Title II application.  R. 29, 230–31. Plaintiff's applications were denied initially on January 18, 2022, and upon reconsideration on August 4, 2022. R. 113–22, 131–38. Plaintiff filed a written request for a *de novo* hearing before an administrative law judge ("ALJ") on September 1, 2022. R. 29, 139–40. ALJ Dina R. Loewy held a hearing on January 24, 2023, at which Plaintiff, who was represented by counsel, appeared and testified, as did an impartial vocational expert, Dr. Jewel Elizabeth Bishop Euto. R. 29, 44–80.

In a decision dated November 30, 2023, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from December 15, 2017, the alleged onset date, through the date of decision.  R. 29–37. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on August 6, 2024. R. 1–6.  Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On December 13, 2024, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 8.[3] On April 20, 2026, the case was reassigned to the undersigned. ECF No. 12. The matter is now ripe for disposition.

II.    **LEGAL STANDARD**

A.    **Standard of Review**

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g) & 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting *de novo* might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or

3

substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although the ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an

4

expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully

5

developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See, e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

**B.      Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

III.    **ALJ DECISION AND APPELLATE ISSUES**

Plaintiff was 53 years old on the date she was last insured, and 55 on the date of the ALJ's decision. R. 100, 223. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between December 15, 2017, her alleged onset date, and the date of the decision. R. 32.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: asthma and degenerative disc disease of the lumbar spine. *Id*. The ALJ also found that the

following diagnosed impairments were not severe: osteopenia in her left femoral neck; mildly increased liver echotexture, suggestive of hepatic steatosis/hepatocellular disease; scoliosis; and digestive impairments. *Id.*

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 32–33.

At step four, the ALJ found that Plaintiff had the RFC to perform medium work, subject to various exertional and non-exertional limitations. R. 33. The ALJ also found that this RFC would permit the performance of Plaintiff's past relevant work as a home health aide. R. 36–37.

The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from December 15, 2017, her alleged onset date, through the date of the decision. R. 37.

Plaintiff disagrees with the ALJ's findings at step four, arguing first, that the ALJ failed to properly consider Plaintiff's subjective statements, undermining the ALJ's conclusion that Plaintiff could perform the full requirements of medium work, and second, that the ALJ failed to include Plaintiff's need for a cane in the RFC.  For these reasons, Plaintiff asks that the decision of the Commissioner be reversed and remanded for further proceedings. *Plaintiff's Brief*, ECF No. 6 ("*Pl. Br.*"). The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief*, ECF No. 11 ("*D. Br.*").

## IV.    DISCUSSION

Plaintiff first contends that the ALJ failed to adequately consider Plaintiff's subjective complaints and mischaracterized or ignored aspects of the medical records that supported

Plaintiff's credibility. *Pl. Br.* at 9. Plaintiff argues that while the ALJ included boilerplate language that the objective medical record supported Plaintiff's claims, "'but not to the extent alleged,'" and summarized Plaintiff's medical records, "with some editorial commentary touching on credibility," the ALJ failed to provide a clear explanation of "her reasoning for rejecting Plaintiff's complaints that she needed to change positions frequently, she had back spasms two to three times a week, and she had a prescribed cane." *Id.*

### A.    Determination of Subjective Statements

"Subjective allegations of pain or other symptoms cannot alone establish a disability." *Miller v. Comm'r of Soc. Sec.*, 719 F. App'x 130, 134 (3d Cir. 2017) (citing 20 C.F.R. § 416.929(a)). Instead, objective medical evidence must corroborate a claimant's subjective complaints. *Prokopick v. Comm'r of Soc. Sec.*, 272 F. App'x 196, 199 (3d Cir. 2008) (citing 20 C.F.R. § 404.1529(a)). Specifically, an ALJ must follow a two-step process in evaluating a claimant's subjective complaints. SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id*. "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" *Id.; see also Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) ("[Evaluation of the intensity and persistence of the pain or symptom and the extent to which it affects the ability to work] obviously requires the ALJ to determine the extent to which a claimant is accurately stating the

9

degree of pain or the extent to which he or she is disabled by it.") (citing 20 C.F.R. § 404.1529(c)).

In conducting an evaluation of the intensity and persistence of pain and its impact on the ability to work, an ALJ must consider the objective medical evidence as well as other evidence relevant to a claimant's subjective symptoms. 20 C.F.R. § 404.1529(c)(3) (listing the following factors to consider: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate pain or other symptoms; treatment, other than medication, currently received or have received for relief of pain or other symptoms; any measures currently used or have used to relieve pain or other symptoms; and other factors concerning your functional limitations and restrictions due to pain or other symptoms). Finally, an "ALJ has wide discretion to weigh the claimant's subjective complaints, *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983), and may discount them where they are unsupported by other relevant objective evidence." *Miller*, 719 F. App'x at 134 (citing 20 C.F.R. § 416.929(c)); *see also Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 286 (3d Cir. 2006) ("[A] reviewing court typically defers to an ALJ's credibility determination so long as there is a sufficient basis for the ALJ's decision to discredit a witness.").

In addition, a claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. § 404.1546(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the

10

evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In determining Plaintiff's RFC in this case, the ALJ found that she had the capacity to perform medium work as defined in 20 C.F.R. 404.1567(c), and 416.967(c),

> except occasionally lifting and/or carrying 50 pounds, frequently 25 pounds; standing and/or walking with normal breaks for a total for both of 6 hours in an 8-hour workday; sitting with normal breaks for a total of 6 hours in an 8-hour workday; occasionally climbing ramps or stairs; never climbing ladders, ropes, or scaffolds; occasionally stooping, kneeling, crouching, and never crawling; and must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts or gases.

R. 33 (noting in a footnote that the ALJ had determined that Plaintiff's past relevant work did not require any kneeling or crouching).  In reaching the determination that plaintiff could perform medium work with the described limitations, the ALJ explained that she had followed the required two-step process in evaluating Plaintiff's symptoms, and found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, she also found  that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 34.

In evaluating Plaintiff's testimony at the hearing, the ALJ cited the Plaintiff's statement that she had not had any surgeries in the last few years, but had four lower back injections which did not help and "made her feel tighter". R. 34. Plaintiff testified that she has back spasms "2-3 times a week," and when she has back spasms, she can barely walk, cannot go out of her apartment, and is dependent upon her daughter to do activities such as grocery shopping, and laundry; she does not do anything except light sweeping and watching television. *Id.* She takes Percocet once a week and Flexeril twice a week; the "muscle relaxants she takes makes her sleepy." *Id.* She testified that she can walk up to 10-15 minutes, sit up to 30 minutes, and carry up to 5 pounds. *Id.* With respect to Plaintiff's asthma, the ALJ cited her testimony that she uses a pump twice a day and liquids twice a day, and that she cannot run, walk up stairs or "overdress" herself because of an inability to breathe. *Id.*

In analyzing Plaintiff's claims, the ALJ found that the objective medical record supported to some extent her claimed physical impairments, "but not to the extent alleged." *Id.* Citing records from 2018, the ALJ noted that Plaintiff had reported back pain, asthma and syncopal episodes, including a report in June and July of 2018 when she reported a cough, which was relieved by albuterol. *Id.* Her claims of back pain were repeated in treatment records from August and October of 2018, with orders for physical therapy, anti-inflammatory medications, muscle relaxers and pain cream. R. 34 (citing Ex. 8F at 49–50, 54; R. 564–65, 569).

In June 2019, she made an emergency room visit for pain in her left lower back, radiating into her left buttock and thigh. R. 34 (citing Ex. 1F at 13; R. 360).The ALJ noted that she was treated with Toradol IM and Tylenol #3, and then discharged with notes that there was no clinical concern for cauda equina syndrome or cord compression. *Id.* (citing Ex. 1F at 13; R.

12

360).  The ALJ further noted that in October 2019, Plaintiff complained of back pain and showed tenderness on examination. *Id*. (citing Ex. 11F at 35–36; R. 922–923).

Records from 2020 showed complaints of back spasms every day in January 2020, and complaints of back pain in March 2020. R. 34 (citing Ex. 11F at 43, 57, 59, 61; R. 930, 944, 946, 948).  In May and June of 2021, she reported worsening sciatica and an MRI from her lumbar spine taken in July 2021 showed "severe central canal stenosis at L3-4 and L4-5, and multilevel neural foraminal stenosis[.]" R. 34–35 (quoting Ex. 6F at 37; R. 461).  In a separate treatment visit from November 2021, Plaintiff reported back pain with tenderness and decreased range of motion, but she had normal reflexes, strength, and sensation.  R. 35 (citing Ex. 6F at 25–28; R. 449-452). She complained of fatigue, numbness and chronic pain during a subsequent visit the next month. *Id*.

In January 2022, Plaintiff reported back pain, which the ALJ noted resulted in a similar examination to the one at the end of 2021. R. 35 (citing Ex. 6F at 13–16; R. 437– 440). The following day, she was seen for a follow-up visit relating to fatigue and asthma.  *Id.* (citing Ex. 6 F at 8; R. 432).  She reported back pain at her next visits in May, August, September, and December 2022, as well as complaints about her asthma in May and December 2022. R. 35. The ALJ noted that "[t]hroughout these visits, the claimant was treated conservatively with medications[.]" *Id.* (citing Ex. 11F at 101, 111, 113, 115, 119, 121; R. 988, 998, 1000, 1002, 1006, 1008).

In May 2022, plaintiff appeared before Dr. Alexander Hoffman, M.D. for a consultative examination in connection with her disability claim. R. 35 (citing Ex. 5F at 3-7, 12; R. 415–419, 424).  According to his report, Plaintiff advised that she had lower back issues for several years following a car accident and that she has treated for asthmatic bronchitis, smokes two cigarettes a

13

day, and was on a dozen medications.  R. 35.  Plaintiff reported being able to bathe and dress herself. *Id*. Dr. Hoffman reported that Plaintiff walked without a cane, was able to get on and off the examination table "without too much difficulty[,]" could balance on both legs and could bend at the knees and waist. *Id.* (citing Ex. 5F at 3; R. 415).

Plaintiff began physical therapy in July 2022. R. 35 (citing Ex. 7F at 2, 5, 8, 12, 18, 20, 24; R. 483, 486, 489, 493, 499, 501, 502). The ALJ noted that Plaintiff had stated that "she has to walk with a cane sometimes." *Id.* Records from two of the visits cited by the ALJ indicate that according to Plaintiff, she walked with a cane sometimes. *Id.* (Ex. 7F at 5, 20; R. 486, 502).   Her physical therapy records also reflect that she lives "in an apartment with 42 steps to enter the house." R. 35.

The ALJ noted that Plaintiff continued to present for treatment for her back pain in the beginning of 2023. R. 36.  He further noted that the doctor continued to prescribe medication and physical therapy and that the Plaintiff's "symptoms and examination are most consistent with a benign musculoskeletal back injury." *Id.* (citing Ex. 8F at 2, 8–13; R. 517, 523–28).

As for her asthma complaints, the ALJ cited her complaint in October 2018, and then a treatment record from August 2019, indicating that she was "doing well" with her asthma. R. 34 (citing Ex. 11F at 33; R. 920).  The ALJ further noted that in September 2019, she reported shortness of breath with chest tightness for 3-4 days of moderate severity lasting a few minutes; she denied wheezing, chest pain or palpitations.  *Id.* (citing Ex. 3F at 5; R. 384).

In August 2022, state agency physician Mila Bacalla, M.D. reviewed the record and determined that Plaintiff could perform medium work, frequently climb ramps and stairs, stoop, and crouch; occasionally climb ladders, ropes, or scaffolds; and must avoid concentrated

14

exposure to fumes, odors, dusts, gases, and poor ventilation. R. 36 (citing Ex. 7A; R. 93–99). The ALJ found this opinion generally persuasive. *Id.*[4]

In challenging the ALJ's consideration of Plaintiff's subjective complaints, Plaintiff argues that not only did the ALJ fail to include a "detailed discussion of credibility," but she did not consider Plaintiff's subjective complaints and ignored and mischaracterized the record as unsupportive of those complaints. *Pl. Br.* at 9.  Specifically, Plaintiff complains that the ALJ failed to provide a clear explanation of why she rejected Plaintiff's claimed need to change positions frequently, had back spasms two to three times a week, and had a prescribed cane. *Id.* (citing R. 34-36; 65-69).  Plaintiff also notes the ALJ's reference to the statement contained in Dr. Hoffman's report where Plaintiff indicated that she could bathe and dress herself, and the contrary statement testified to by Plaintiff at the hearing where she "'reported that she gets assistance from her granddaughter for her activities of daily living including dressing.'" *Id.* at 9–10 (citing R. 35).  Plaintiff points to her statement that she could carry up to five pounds and the notes from her physical therapist that she was unable to lift any weight. *Id.* at 10.  She contends that the ALJ failed to explain her reasons for discounting Plaintiff's testimony, *id.* at 10 (citing *Hendry v. Comm'r of Soc. Sec.*, 2018 WL 4616111, at *15 (D.N.J. Sept. 26, 2018), and omitted any discussion as to why Plaintiff's repeated complaints of back pain and that she could not

---

[4] The ALJ explained her consideration of this state agency opinion:

> This opinion is generally supported and consistent with the record discussed above, which demonstrates that the claimant's severe physical impairments limit her to a reduced range of medium work due evidence that she has only been treated conservatively during the period of adjudication and had no significant abnormalities during her consultative examination, especially with respect to her asthma (Ex. 5F). As such, this opinion is generally persuasive.

R. 36.

stand or walk for prolonged periods of time, taken together with her objective abnormal results, did not corroborate her subjective complaints. *Id.*

As discussed *supra*, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes*, 228 F.3d at 262; *see also Hunter Douglas, Inc.*, 804 F.2d at 812 (advising that the substantial evidence standard is a deferential standard, and the Court cannot set aside the ALJ's decision simply because the Court "acting *de novo* might have reached a different conclusion"). The ALJ has wide discretion to weigh the claimant's subjective complaints and may discount such complaints that are unsupported by objective evidence. *Miller*, 719 F. App'x at 134 (citations omitted); *see also Izzo*, 186 F. App'x at 286 (instructing that a reviewing court defers to the ALJ's decision to discount subjective statements if there is a sufficient basis for that decision).

The ALJ provided a detailed review of Plaintiff's treatment records, reciting her continued complaints of back pain at every visit, referencing her daily activities and noting the treatments and medications prescribed by Plaintiff's treating doctors. R. 34–36.  She specifically considered Plaintiff's daily activities; expressly noted Plaintiff's repeated claims of back pain; referenced the type, effectiveness of medications, and Plaintiff's other conservative treatment, including physical therapy; and detailed the objective examination findings. *See id.*; *see also* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ also reviewed Dr. Hoffman's consultative report that while Plaintiff reported low back issues, she did not appear to have any major neurological or reflex deficits; she walked without a cane, and her treatment was limited to NSAID medication. R. 35.

Although the ALJ found that Plaintiff's medically determinable impairments could cause the alleged symptoms, she concluded based on all of the evidence that "the claimant's statements

16

concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 34. After thoroughly reviewing Plaintiff's complaints and all of the other evidence in the record as noted above, the ALJ concluded:

> The nature, scope, and findings from [Plaintiff's] longitudinal treatment records are not supportive of the intensity or persistence of her subjective allegations. As discussed in the foregoing, the medical evidence reflects that the claimant's treatment during the period of adjudication has been limited and conservative. When considered as a whole, the evidence reasonably supports a finding that the claimant is limited by her impairments, but those limitations, as well as her subjective complaints, are adequately accommodated by the assigned residual functional capacity of medium work; occasionally lifting and/or carrying 50 pounds, frequently 25 pounds; standing and/or walking with normal breaks for a total for both of 6 hours in an 8-hour workday; sitting with normal breaks for a total 6 hours in an 8-hour workday; occasionally climbing ramps or stairs; never climbing ladders, ropes, or scaffolds; occasionally stooping, kneeling, crouching, and never crawling; and must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, or gases.

R. 36. In other words, the ALJ specifically considered all relevant medical evidence—both supporting evidence and contrary evidence—in reaching her decision to discount Plaintiff's subjective complaints. R. 34–36. A review of the record demonstrates that the ALJ's decision enjoys substantial support. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Schmidt v. Comm'r Soc. Sec.*, 465 F. App'x 193, 198 (3d Cir. 2012) (finding that the "ALJ explained his reasons for discrediting [the claimant's] subjective testimony and pointed to several objective medical findings that contradicted [the claimant's] subjective complaints" where the claimant underwent back surgery in 2007, and, thereafter, "there was objective medical evidence that did not support [the claimant's] subjective complaints of disabling pain[,]" including, *inter alia*, that Plaintiff's two physicians "continued to prescribe conservative care throughout this period"); *Phillips v. Barnhart*, 91 F. App'x 775, 782 (3d Cir. 2004) (considering the claimant's conservative

17

treatment history following surgery as a factor that supported the ALJ's determination to discount the claimant's subjective complaints).

Ultimately, given that the ALJ followed the appropriate standard and explained her consideration of Plaintiff's subjective statements, for this Court to reach a contrary result on this record would amount to an improper re-weighing of the evidence. *See Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (stating that a reviewing court "must not substitute [its] own judgment for that of the fact finder"); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations [under the substantial evidence standard].").

Despite Plaintiff's argument to the contrary, *Pl. Br.* at 10, the ALJ specifically acknowledged Plaintiff's repeated complaints of ongoing pain. R. 34–36. Notably, the ALJ did not completely discount Plaintiff's subjective complaints; instead, as detailed above, the ALJ expressly stated that the RFC took Plaintiff's complaints into consideration. R. 33, 36. Moreover, the ALJ explained why she found generally persuasive the state agency opinion, which concluded that Plaintiff was capable of performing medium exertional work. R. 36. Notably, Plaintiff does not challenge the ALJ's consideration of that state agency opinion. *See generally Pl. Br.*; *Pl. Reply*. Nor does Plaintiff point to any medical opinion offering contrary functional limitations that support the intensity, persistence, or limiting effects of her subjective complaints. *See id*. To the extent that Plaintiff suggests that she may continue to experience some pain despite the RFC limitations, that complaint is not a basis for remand. *See Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir. 1986) ("[W]hile Welch's pain may be constant and uncomfortable, it is not disabling or severe."); *Null v. Saul*, No. CV 2:18-759, 2019 WL 2867201, at *3 (W.D. Pa. July 3, 2019) ("It is well-established, however, that a claimant need not be pain free or symptom

18

free to be found not disabled. Rather, the claimant must still show he is unable to perform substantial gainful activity. . . . As set forth above, the ALJ here did not disagree that Plaintiff experiences significant, and sometimes increasing, pain; he found, however, that the pain was sufficiently controlled with medication and other treatment to permit Plaintiff to perform some substantial gainful activity.") (internal citations omitted); *McIntyre v. Berryhill*, No. CV 17-2176, 2018 WL 5962476, at *5 (D.N.J. Nov. 13, 2018) ("It must be remembered, however, that to be fit for work, a claimant need not be pain-free or symptom-free.") (citations omitted); *Morel v. Colvin*, No. 14-2934, 2016 WL 1270758, at *6 (D.N.J. Apr. 1, 2016) ("The claimant need not be pain-free to be found 'not disabled.'").

Plaintiff nevertheless argues that the ALJ ignored physical therapy records that "repeatedly noted that Plaintiff's pain was increased with sitting, standing, walking up and down stairs, moving to a sit stand position and bending." *Pl. Br.* at 10 (citing R. 487, 489, 491, 493, 495, 497, 499, 502, 505). This evidence does not establish that the ALJ erred in discounting Plaintiff's subjective complaints. These records simply repeat Plaintiff's subjective statements of pain. *See* R. 487 ("Pt[] reports excessive back spasms, pain limiting ambulation in difficulty with walking,  nominally improved with muscle relaxants. Pt has difficulty walking, going up and down the stairs, inability to lift wts."), 489 (reflecting under the heading "Subjective[,]" *inter alia*, "**Aggravating Factors**: Sitting, Standing, Walking, Stairs – up, Stairs, down, Sit to stand, Bending"), 491 (same), 493 (same), 495 (same), 497 (same), 499 (same), 502 (same), 505 (same)).

The mere memorialization of a claimant's subjective complaints in a medical record does not transform those complaints into objective findings or a medical opinion. *Hatton v. Comm'r of Soc. Sec. Admin.*, 131 F. App'x 877, 879 (3d Cir. 2005) ("[A] medical source does not transform

the claimant's subjective complaints into objective findings simply by recording them in his

narrative report[.]") (summarizing *Craig v. Chater*, 76 F.3d 585, 590 n. 2 (4th Cir. 1996));

*Morris v. Barnhart*, 78 F. App'x 820, 824–25 (3d Cir. 2003) ("[T]he mere memorialization of a

claimant's subjective statements in a medical report does not elevate those statements to a

medical opinion.") (citations omitted).

Plaintiff next complains that the ALJ failed to consider a physical therapy record that

reflects that Plaintiff would benefit from a single point cane, which she argues "corroborat[es]

her testimony that she had recently had a cane prescribed." *Pl. Br.* at 10–11 (citing R. 505).

Plaintiff has not persuaded this Court that the ALJ erred or, even if the ALJ erred, that such error

was harmful. As an initial matter, for the reasons described in more detail below, substantial

evidence supports the ALJ's omission of a cane restriction in the RFC because Plaintiff failed to

show that a cane was medically necessary. In any event, the Court "will uphold the ALJ's

decision even if there is contrary evidence that would justify the opposite conclusion, as long as

the 'substantial evidence' standard is satisfied." *Johnson v. Comm'r of Soc. Sec.*, 497 F. App'x

199, 201 (3d Cir. 2012) (citing *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986)). Stated

differently, even assuming for present purposes only that this physical therapy record could be

construed as supporting Plaintiff's subjective complaints, the Court must nevertheless affirm the

ALJ's decision to discount those complaints because substantial evidence supports that decision.

*Id*.

Plaintiff also argues that the Court cannot trace the ALJ's reasoning because the ALJ did

not explain why assistance with her daily activities "weighed *against* Plaintiff's credibility." *Pl.

Br*. at 11 (emphasis in original). Plaintiff has not persuaded the Court that this issue requires

remand. As an initial matter, Plaintiff's daily activities (assisted by her granddaughter) were but

one factor that the ALJ considered when discounting Plaintiff's subjective statements. The ALJ also expressly considered, among other things, Plaintiff's conservative treatment history, examinations that revealed no significant abnormalities, and the uncontroverted state agency opinion that Plaintiff was capable of performing medium exertional work when discounting Plaintiff's subjective statements. R. 34–36. The ALJ's discussion in this regard provides sufficient details for the Court to trace the ALJ's reasoning. To the extent that Plaintiff contends that the ALJ should have given greater consideration to Plaintiff's daily activities, that argument boils down to simply a disagreement with the weight ascribed to this factor and hence a disagreement with ALJ's reasoning—*i.e.*, an argument that will not serve as a basis for remand. *Cf. Hatton*, 131 F. App'x at 880 ("When 'presented with the not uncommon situation of conflicting medical evidence . . . [t]he trier of fact has the duty to resolve that conflict.'") (quoting *Richardson v. Perales*, 402 U.S. 389, 399 (1971)). Moreover, as previously explained, when the decision is supported by substantial evidence, the Court must affirm that decision even if contrary evidence supports the opposite conclusion. *See Johnson*, 497 F. App'x at 201.

To the extent that Plaintiff complains that the ALJ did not consider all regulatory factors when assessing Plaintiff's subjective statements, *Pl. Br.* at 11–12, this is not a basis for remand of the action. As detailed above, the ALJ considered objective medical evidence, including, *inter alia*, no significant abnormal examination findings; Plaintiff's daily activities; subjective complaints of pain; Plaintiff's conservative treatment history; and uncontroverted medical opinion evidence that Plaintiff could perform medium work. R. 34–36. In short, the ALJ detailed Plaintiff's hearing testimony and considered it in the context of the opinion evidence as well as the objective medical findings, and ultimately found that Plaintiff's statements about her extreme limitations were not fully consistent with the overall record. *Id*. Based on this record, the Court

21

cannot say that the ALJ failed to consider Plaintiff's subjective statements in accordance with the applicable regulation. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c).

Notably, even if the ALJ had not fully and expressly discussed all the regulatory factors, that failure "does not warrant remand, given that [her] credibility determination was supported by substantial evidence." *Lewis v. Comm'r of Soc. Sec.*, No. CV 15-1587, 2016 WL 4718215, at *7 (D.N.J. Sept. 9, 2016); *see also* SSR 16-3p (cautioning that "not all of the types of evidence described below will be available or relevant in every case") (referring to, *inter alia*, the regulatory factors under §§ 404.1529(c), 416.929(c)); *Brewington v. Comm'r of Soc. Sec.*, No. 21-CV-5482, 2024 WL 329529, at *11 n.17 (E.D. Pa. Jan. 29, 2024) ("The fact that an ALJ did not discuss all the factors of 20 C.F.R. § 404.1529, including Brewington's type, dosage, effectiveness, and side effects of medication, does not warrant remand if substantial evidence otherwise supports the ALJ's credibility determination.") (citations omitted); *Alejandra D. v. Comm'r of Soc. Sec.*, No. CV 22-175, 2023 WL 2609134, at *7–8 (D.N.J. Mar. 22, 2023) ("Yet while the ALJ must provide 'specific reasons' for his findings, he need not set out an exhaustive discussion of every potential factor listed in the regulations.") (citations omitted); *Mason v. Colvin*, No. 15-1861, 2015 WL 6739108, at *6 (D.N.J. Nov. 3, 2015) ("The list [of factors contained in 20 C.F.R. § 404.1529(c)] is not comprehensive, nor is it mandatory for ALJs to go through each factor on the list in their opinions.") (citing 20 C.F.R. § 404.1529(c)(3)).

For all these reasons, the Court concludes that the ALJ sufficiently explained her reasoning in assessing Plaintiff's subjective complaints, and that substantial evidence supports the ALJ's findings in this regard, which are therefore entitled to this Court's deference. *See* SSR 16-3p; *Miller v. Comm'r of Soc. Sec.*, 719 F. App'x 130, 134 (3d Cir. 2017); *cf. Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x. 761, 765 (3d Cir. 2009) ("Credibility determinations as to a

claimant's testimony regarding pain and other subjective complaints are for the ALJ to make.")
(citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983)). Accordingly, the ALJ's
assessment of Plaintiff's subjective complaints fails to constitute a basis for remand of this
action. *Id*.

### B.      Need For A Cane

Separately, Plaintiff contends that the ALJ failed to consider Plaintiff's need for a cane in
the RFC.[5]  Plaintiff argues that not only did she testify that she sometimes needed to walk with a
cane, but her PT notes indicated that she needed a single point cane "for ambulation." *Pl. Br.* at
13.

The Court is not persuaded that the ALJ's consideration of the record, including
Plaintiff's use of an assistive device, requires remand. "[An] ALJ need not account for use of a
hand-held assistive device in an RFC assessment unless that device is medically required."
*Mundo v. Kijakazi*, No. 1:21-CV-517, 2023 WL 2632810, at *5 (M.D. Pa. Mar. 24, 2023). SSR
96-9p addresses the need to find that such a device is "medically required":

> **Medically required hand-held assistive device**: To find that a hand-held assistive
> device is medically required, *there must be medical documentation establishing the
> need for a hand-held assistive device to aid in walking or standing, and describing
> the circumstances for which it is needed (i.e., whether all the time, periodically, or
> only in certain situations; distance and terrain; and any other relevant
> information).* The adjudicator must always consider the particular facts of a case.
> For example, if a medically required hand-held assistive device is needed only for

_____

[5] Plaintiff also complained that the ALJ failed to credit her testimony that she needed a
cane to ambulate, arguing that a physical therapy record reflecting that she would benefit from a
single point cane, "corroborat[es] her testimony that she had recently had a cane prescribed." *Pl.
Br.* at 10–11 (citing R. 505).  As described in more detail below, substantial evidence supports
the ALJ's omission of a cane restriction in the RFC because Plaintiff failed to show that a cane
was medically necessary. Even assuming for present purposes only that this physical therapy
record could be construed as supporting Plaintiff's subjective complaints, the Court must
nevertheless affirm the ALJ's decision to discount those complaints because substantial evidence
supports that decision. *Id*.

> prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

SSR 96-9P, 1996 WL 374185, at *7 (S.S.A. July 2, 1996) (emphasis added). "A claimant's testimony that a cane has been prescribed is not enough to meet this burden." *Mundo*, 2023 WL 2632810, at *5 (citations omitted). Similarly, a prescription for an assistive device with "no discussion of its medical necessity" is "insufficient to support a finding that [an assistive device] was medically necessary." *Howze v. Barnhart*, 53 F. App'x 218, 222 (3d Cir. Nov. 25, 2002) ("Other than that [a prescription and a checked box that an assistive device was required for ambulation], there are multiple references to the fact that appellant uses a cane but no discussion of its medical necessity. The evidence presented by appellant was insufficient to support a finding that his cane was medically necessary."). "However, if the claimant makes this threshold showing of medical necessity, then it is incumbent upon the ALJ to directly 'address the evidence concerning Plaintiff's use of' the assistive device." *Figueroa v. Kijakazi*, No. 1:22-CV-194, 2023 WL 2432909, at *10 (M.D. Pa. Mar. 9, 2023) (quoting *Steward v. Comm'r of Soc. Sec.*, No. CIV.A 08-1741, 2009 WL 1783533, at *5 (W.D. Pa. June 23, 2009)). "[T]he failure to do so may require a remand." *Id*. (citations omitted).

In the present case, the ALJ expressly found at step three of the sequential evaluation that there was "no evidence of a documented medical need for a" cane or other assistive device. R. 32–33. The ALJ further noted that during her consultative examination, Plaintiff "used no assistive device." R. 33; *see also* R. 35 (noting same evidence at step four). The ALJ also noted that Plaintiff's physical therapy records reflect her statement that "she has to walk with a cane sometimes." R. 35. However, the mere memorialization of a claimant's subjective complaints in a medical record does not transform those complaints into objective findings or a medical

24

opinion. *Hatton v. Comm'r of Soc. Sec. Admin.*, 131 F. App'x 877, 879 (3d Cir. 2005) ("[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them in his narrative report[.]") (summarizing *Craig v. Chater*, 76 F.3d 585, 590 n. 2 (4th Cir. 1996)); *Morris v. Barnhart*, 78 F. App'x 820, 824–25 (3d Cir. 2003) ("[T]he mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion.") (citations omitted). Moreover, Plaintiff's subjective statements regarding her need for a cane are insufficient to establish medical necessity. *Mundo*, 2023 WL 2632810, at *5 (citations omitted).

The ALJ further considered Plaintiff's testimony that she "had a cane prescribed last month." R. 34. However, as discussed in more detail below, Plaintiff does not actually point to— and the Court cannot find in the record—a prescription for a cane, let alone a prescription containing a description of the cane's medical necessity. *See generally Pl. Br.*; *Pl. Reply*.

Plaintiff points to her hearing testimony and records from her physical therapist reflecting her use of an assistive device. *Pl. Br.* at 13 (citing R. 69, 486, 502, 505). However, none of this evidence establishes medical necessity. First, the reference to a cane in two of the cited physical therapy records is Plaintiff's self-reported use of a cane on occasion, which the Court has already explained is insufficient. R. 486 (containing physical therapy record dated July 15, 2022, reflecting, *inter alia*, that "pt has to walk with a cane some times [sic]"), 502 (containing physical therapy record dated January 3, 2023, again reflecting, among other things, that "pt has to walk with a cane some times [sic]").

Plaintiff's third cited physical therapy note dated January 17, 2023, reflects the assessment that, *inter alia*, "Pt will benefit with use of a Sp [single point] cane for ambulation[.]" R. 505. However, this statement is insufficient to establish the medical necessity required by

SSR 96-9P. The statement is not an actual prescription that requires an assistive device for ambulation. R. 505. Nor does it describe the medical necessity for the device or the circumstances for which it is needed. *See id*.; *see also* SSR 96-9P, 1996 WL 374185, at *7; *Howze*, 53 F. App'x at 222.

Plaintiff's fourth and final record citation is to her hearing testimony that a doctor prescribed a cane to her. *Pl. Br.* at 13 (citing, *inter* alia, R. 69); *see also* R. 69. Without any evidence in the record that a cane was medically necessary, Plaintiff's hearing testimony that she was prescribed a cane is similarly unavailing.

Based on this record, and the absence of any documented medical evidence that a cane was prescribed and the medical necessity for such device, the Court cannot say that the ALJ erred in finding that a cane was not medically necessary and for not including a cane in the RFC.

## V.    CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's decision.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:  May 8, 2026                                        _____s/Cheryl L. Pollak_____
                                                                        CHERYL L. POLLAK
                                                                        UNITED STATES MAGISTRATE JUDGE